IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **JOSEPH JACKSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 17-3158 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Joseph Jackson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion. If it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court must dismiss the motion. See Rules Governing Section 2255 Proceedings, 4(b). A preliminary review of Petitioner's motion shows that it must be dismissed because this is Petitioner's second § 2255 motion and

Petitioner did not obtain permission from the Seventh Circuit to file a successive motion.

## I. BACKGROUND

On December 28, 2006, Petitioner pled guilty to distribution of 5 or more grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). See United States v. Jackson, United States District Court, Central District of Illinois, Springfield Division, Case No. 06-cr-30079.

On April 30, 2007, Judge Jeanne Scott sentenced Petitioner to 209 months imprisonment and 8 years of supervised release.

On September 4, 2009, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (First Motion). See Jackson v. United States, United States District Court, Central District of Illinois, Springfield Division, Case No. 09-cv-3227. The First Motion claimed that Petitioner received ineffective assistance of counsel during his underlying criminal case because his attorney failed to file a notice of appeal as requested by Petitioner. On August 26, 2013, Judge Richard Mills denied the First Motion following an evidentiary hearing, finding Petitioner was

not a credible witness and finding the defense attorneys to be credible.

On May 18, 2017, Petitioner filed a Memorandum of Supporting Facts in his underlying criminal case. See Case No. 06-cr-30079 (d/e [24]). In response to the Court's text order stating the Court's intent to construe the Memorandum as a § 2255 Motion, Petitioner filed a response stating, "I wish to have my memorandum construed as a 'second in time motion.' In the event that the Court does not see fit that a second in time motion is the proper request then I respectfully request that the Court file it as a successive motion to the Seventh Court of Appeals." Case No. 06-cr-30079 (d/e [25]). The Court thus directed the Clerk of the Court to file the memorandum as Petitioner's § 2255 Motion (Second Motion) in this civil case.

## II.  ANALYSIS

A prisoner may not file a second or successive § 2255 motion unless he obtains certification from the court of appeals. 28 U.S.C. § 2255(h). In fact, "[a] district court must dismiss a second or successive petition, without awaiting any response from the

government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F. 3d 990, 991 (7th Cir. 1996).

However, not every § 2255 motion filed second-in-time is considered a successive petition. A second-filed motion is successive only if it follows a filing that "'counts' as the prisoner's first (and only) opportunity for collateral review." Vitrano v. United States, 643 F.3d 229, 233 (7th Cir. 2011).

For instance, where a petitioner successfully challenged his sentence pursuant to a § 2255 motion and was resentenced, his second § 2255 motion challenging his resentencing did not constitute a second or successive motion. Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997). Moreover, a habeas petition filed after the first petition was dismissed for failure to exhaust state remedies is not a second or successive petition. Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Petitioner's Second Motion is a successive § 2255 motion. Petitioner already received "one unencumbered opportunity to receive a decision on the merits" when he filed, and the Court denied, his First Motion in Case No. 09-3227. See, e.g., Potts v. United States, 210 F. 3d 770, 770 (7th Cir. 2000) (explaining when

a previous motion "was the 'real thing' that ought to subject the petitioner" to the limitations the Antiterrorism and Effective Death Penalty Act places on the filing of successive motions under § 2255).

Petitioner has not obtained certification from the Seventh Circuit Court of Appeals to file the Second Motion. Therefore, this Court lacks jurisdiction, and the Second Motion must be dismissed.

Even if the Court were to find that the First Motion did not count as Petitioner's first and only opportunity for review, Petitioner's Second Motion must be dismissed because it is untimely. A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).  The timeliness of each claim must be considered independently.  Davis v. United States, 817 F.3d 319, 327 (7th Cir. 2016).

Petitioner's conviction became final on May 16, 2007, after expiration of the 14-day period to file a direct appeal. Fed. R. App. P. 4(b)(1)(A); Clark v. United States, 703 F.3d 1098, 1100 (7th Cir. 2013).  Petitioner did not file the Second Motion until May 2017. Therefore, it is untimely under 28 U.S.C. § 2255(f)(1).

Petitioner does not argue, nor does the Court find, that subsections (2) and (4) for determining the one-year period apply. Petitioner has not alleged a government impediment or new fact supporting the claim.

The only other possible date for calculating the one-year period is the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  Petitioner

relies on Mathis v. United States as the basis for his relief. 136 S. Ct. 2243 (2016) (holding that the modified categorical approach for determining whether a prior conviction constitutes a violent felony under the similarly worded Armed Career Criminal Act (ACCA) applies only to divisible statutes and that a statute is not divisible if the statute lists alternative means of committing the crime as opposed to alternative elements). However, the Supreme Court did not recognize a new right in Mathis.

"[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989) (emphasis in original). The language in Mathis appears to contradict any assertion that Mathis announced a new rule. In Mathis, the Supreme Court stated:

> Our precedents make this a straightforward case. *For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements.* Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. *And that rule does not change* when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just

> the facts, which ACCA (so we have held, over and over) does not care about.

Mathis, 136 S. Ct. at 2257.  Moreover, several cases have held that Mathis does not trigger a new one-year period under § 2255(f)(3).  See Davis v. United States, Nos. 2:13-CR-46-JRG-8, 2:16-CV-363-JRG, 2016 WL 7234762, at *2 (E.D. Tenn. Dec. 13, 2016) (holding that Mathis "involved application of the categorical approach first adopted by the Supreme Court in Taylor and refined in the Descamps [v. United States, 133 S. Ct. 2276 (2013)] decision to a new set of facts" and did not articulate a new right for purposes of § 2255(f)(3)); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3 (D. Maine Oct. 14, 2016) (Mathis does not trigger a new one-year period for habeas relief under § 2255(f)(3)), appeal filed; but see Staples v. True, No. 16-cv-1355-DRH, 2017 WL 935895, *3 (S.D. Ill. March 8, 2017) (involving a motion brought under 28 U.S.C. § 2241 and stating, in what appears to be dicta, that the petitioner may fail in showing that relief under § 2255 is inadequate because the petitioner was still within a year of the date Mathis was

decided). Therefore, Petitioner's Second Motion is also untimely.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability); Sveum v. Smith, 403 F. 3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required to appeal a district court's dismissal of a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2255 motion is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it

debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

## IV. CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1) is a second or successive motion that the court of appeals has not granted him leave to file. Therefore, the Court DISMISSES the Motion without prejudice for lack of jurisdiction. The Court declines to issue a certificate of appealability. The Court refers Petitioner to Rule 22.2 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit for the procedure to request leave to file a second or successive § 2255 motion.

ENTER: July 20, 2017

FOR THE COURT:

                                        s/Sue E Myerscough
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE